[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-13334
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 20, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-20804-CR-SH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERT LAWRENCE,
YVES DARBOUZE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(May 20, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

This case is before the court for consideration in light of *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005).[1] We previously affirmed Darbouze's conviction and sentence. *See United States v. Darbouze*, No. 03-13334 (11th Cir., March 23, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker*.

After remand, we directed the parties to submit supplemental letter briefs providing the court with: (1) a detailed description of where, when, and how the *Booker* issue was first raised; and (2) any arguments about whether and how the *Booker* decision applies to this case and what action this court should take in the case, including an analysis of the plain error doctrine.

After reading the parties' supplemental briefs, we reinstate our previous opinion in this case in part and affirm Darbouze's conviction. However, we remand the case to the district court for re-sentencing. The district court stated in its March 16, 2005, order on Darbouze's motion for new trial that it would re-sentence Darbouze because of a *Brady v. Maryland*, 373 U.S. 83 (1963), violation that affected his sentence. On remand, the district court should re-sentence

---

[1]Our original opinion in this case included codefendant Gilbert Lawrence. Apparently, only appellant Yves Darbouze filed a petition for writ of certiorari in the United States Supreme Court.

Darbouze in accord with the *Booker* procedures. In light of our remand, we decline to reach any *Booker* issues arising from the original sentence.

Accordingly, we vacate Darbouze's sentence and remand this case to the district court to resentence Darbouze consistent with this opinion.

**OPINION REINSTATED IN PART; AFFIRMED IN PART, and VACATED and REMANDED IN PART.**